UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:08CV180-J

SHERRY A. EMBREY o/b/o
TOMMY J. EMBREY                                                             PLAINTIFF

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the plaintiff's complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. §405(g). The plaintiff is represented by attorney Julie Atkins. The parties have filed fact and law summaries, and the matter is now ripe for adjudication.

The final decision of the Commissioner was rendered on September 21, 2007 by Administrative Law Judge Michael J. Nichols ("ALJ"). In his decision denying childhood supplemental security income benefits (SSI) pursuant to Title XVI of the Social Security Act, the ALJ found that the claimant suffers from severe impairments of oppositional defiant disorder and a mood disorder, but that he did not have "marked" limitations in two domains of functioning or an "extreme" limitation in one domain of functioning (Tr. 25). This decision is the final decision of the Commissioner, from which the claimant appeals.

### STANDARDS GOVERNING JUDICIAL REVIEW

This Court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing

that decision, 42 U.S.C. §405(g), Sentence Four. In exercising its "Sentence Four" jurisdiction, the Court is limited to determining whether the Commissioner's controlling findings are supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching his decision, Richardson v. Perales, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary, 667 F.2d 524 (6th Cir. 1981). In determining whether the Commissioner's findings are supported by substantial evidence, the Court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight, Wyatt v. Secretary, 974 F.2d. 680 (6th Cir. 1992). However,

> The substantial-evidence standard allows considerable latitude to administration decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

Mullen v. Secretary, 800 F.2d 535, 545 (6th Cir. 1986).

When conducting substantial evidence review, the Court is restricted to a consideration of the evidence that was before the Commissioner on the date of the final decision. When the Appeals Council declines to review the ALJ's decision and render a new decision, the ALJ's decision becomes the Commissioner's final decision, as it is in this case. Cotton v. Secretary, 2 F.3d 692 (6th Cir. 1993).

LAW APPLICABLE TO CHILDHOOD SSI CLAIMS

The Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (PRWORA), amended the Social Security Act to define "disabled" with respect to children, requiring:

> (i) An individual under the age of 18 . . . be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted, or can be expected to last for a continuous period of not less than 12 months.

Thus, a child's SSI claim can be granted now only if there is a marked and severe functional limitation. The impairment must meet, medically equal, or functionally equal in severity one of the Listing of Impairments found at 20 C.F.R. Part 404, Subpart P, Appendix 2. 20 C.F.R. §416.924.

The rules implementing the Act establish a three-step sequential evaluation process. 20 C.F.R. §416.924(b)-(d). First, the child must not be engaged in substantial gainful activity. Second, the impairment or combination of impairments must be severe. Third, the impairment must meet, medically equal, or functionally equal the criteria of an impairment in the Listing of Impairments at Appendix 1, Subpart P, Regulation No. 4.

Under the rules, an impairment or combination of impairments will be deemed the functional equivalent of a listed impairment if it sufficiently adversely impacts upon one or more of six broad areas of development and functioning: 1) the ability of the child to acquire and use information, 2) to attend to and complete tasks, 3) to interact and relate with others, 4) to move about and manipulate objects, 5) the child's ability to care for himself, and 6) the child's health and physical well-being. 20 C.F.R. §416.926(b)(1).

A finding of functional equivalence is required if it is found that the impairment causes an "extreme" limitation in one area or a "marked" limitation in two or more areas. Section 416.926(a).

A "marked" limitation is one that:

> . . . interferes seriously with your ability to independently initiate, sustain, or complete activities . . . . [It] also means a limitation that is more than moderate but less than extreme. It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean. Section 416.926(e)(2)(I).

An "extreme" limitation is one that:

> . . . interferes very seriously with your ability to independently initiate, sustain, or complete activities . . . . "Extreme limitation" also means a limitation that is more than marked. "Extreme limitation" is the rating we give to the worst limitations. However, "extreme limitation" does not necessarily mean a total lack or loss of ability to function. It is the equivalent of functioning we would expect to find on standardized testing with scores that are at least three standard deviations below the mean. Section 416.926(e)(3)(I).

## DISCUSSION

The claimant filed on behalf of her son this application for SSI childhood disability benefits on August 5, 2005 alleging that her son became disabled on July 1, 2002 at age 8 (Tr. 164). Claimant alleges disability due to ADHD, ODD (oppositional defiance disorder), asthma, allergies, eye problems, depression, gets into trouble a lot, cries, fights, doesn't listen (Tr. 174), conditions for which he takes medications including an inhaler and allergy medicine (Tr. 175). The claimant lives with his parents and sisters, age 3 and 9 (Tr. 223, 367). He was in the eighth grade at LaRue County Middle School (Tr. 361, 366). He passed the seventh grade with grades ranging from an As to Fs (Tr. 362, 369), and hoped to try out for the football team in eighth grade (Tr. 363).

In his decision, the ALJ found that the claimant suffers from one "marked" limitation in the domain of interacting and relating to others. On appeal, the claimant argues that the ALJ erred when he found that his conditions do not meet or functionally equal a listed impairment. Specifically, the

claimant takes issue with the ALJ's finding of no limitation in the area of caring for one's self, or the fifth domain. In order for this claimant to qualify for benefits, he must prove marked limitations in at least two of the functional domains. The burden of proof on the matter is upon the claimant, Tate ex. rel. Tate v. Commissioner, 368 F.Supp.2d 661 (E.D.Mich. 2005). The issue is whether the ALJ's decision finding no disability is supported by substantial evidence. The claimant must show that he suffers from an "extreme" limitation and/or two "marked" limitations in the following functional domains:

1. Acquiring and using information.

2. Attending to and completing tasks.

3. Interacting with and relating to others.

4. Moving about and manipulating objects.

5. Caring for one's self.

6. Physical well-being.

Like all issues involving the Listing, the issue is a medical question. Hence, the relevant evidence of record is from the medical/psychological sources. Neither the claimant nor this Court is qualified to interpret raw psychological data in functional terms. Therefore, the pertinent evidence in this case is the assignment of specific limitations by the psychological experts that correspond to the six functional domains listed above.

The claimant argues that the ALJ failed to consider or discuss the fifth domain of caring for one's self. At Tr. 25, the ALJ makes a specific finding with regard to self care, noting, "Lastly, I find no evidence of limitation in the domains of caring for oneself and health and physical well-being." In addition, the record provides evidence that supports the ALJ's finding of no limitation

in Domain 5. No physician has assessed any limitation in the claimant's ability to care for himself. Of the four examining doctors whose reports are in the record, none finds limitations in self-care. In addition, numerous state agency physicians have reviewed the record and found no severe impairment or limitation in Domain 5.

Claimant urges that Dr. Major's psychiatric evaluation documents marked limitation in Domain 5. The Court's review of this evaluation indicates that Dr. Major's report does not specifically address a marked impairment in the fifth domain. Furthermore, the Court is not persuaded by the claimant's argument that the ALJ improperly rejected the opinions of Dr. Major under the treating physician rule. It appears from the record that Dr. Major was a one-time examining source whose evaluation included a diagnosis and recommendation for treatment, but no limitations ore restrictions. Dr. Major's report arguably does not qualify as a medical opinion, but more importantly, Dr. Major is not a treating physician entitled to controlling weight.

## CONCLUSION

The Court finds that the ALJ's decision denying childhood SSI benefits is supported by substantial evidence. The final decision of the Commissioner is AFFIRMED and the plaintiff's complaint is DISMISSED.

This is a final and appealable Memorandum Opinion and Order, and there is no just cause for delay.